IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MERRILL EVERETT FIELDS             :

   Petitioner                              :

v.                                              :          Civil Action No. AMD-06-2865

WARDEN                                     :

   Respondent                           :
                                ...o0o...

MEMORANDUM

This is an application for a writ of habeas corpus, to which respondent has filed an answer stating the petition should be denied because petitioner is no longer in custody. Paper No. 12. Petitioner filed a reply to the answer. Paper No. 16.

Petitioner is no longer incarcerated but claims that, as a violent offender, he was denied the opportunity to earn double good conduct credits during his incarceration.[1] Paper No. 4. He states that the policy to prohibit an award of double good conduct credits to violent offenders violates the equal protection clause, caused him to serve more time in prison, prevented his access to programs and services in prison, and denied him the right to progress to a better correctional facility. *Id*.

On April 19, 1988, petitioner was sentenced to 10 years, all but five years suspended, for daytime housebreaking and a two-year consecutive sentence for violation of probation stemming from a previous conviction for possession with intent to distribute heroin. Paper No. 12. Petitioner was released on mandatory supervision[2] on May 8, 1992, due in part to application of 401 good conduct credits. *Id*., *see also Maryland House of Correction v. Fields*, 348 Md. 245, 251–252, 703

---

[1] Petitioner has a history of incarcerations dating back to 1973. The instant petition concerns credits for sentences received in 1994.

[2] Release on mandatory supervision is release from prison by virtue of diminution of confinement credits being applied to the term of confinement.

A. 2d 167, 170– 71 (1997).

In 1992, Maryland law was changed to provide for an award of 10 days per month of good-conduct credits if the inmate was not convicted of a crime of violence or certain drug related offenses. *See* Md. Corr. Serv. Code Ann.§ 3-704(b)(2). Thereafter, petitioner was convicted of theft and malicious destruction of property on February 2, 1994, and was sentenced to 18 months incarceration. The new conviction had the effect of violating his probation for the daytime housebreaking conviction and for another unrelated charge. Paper No. 12. In addition, the new conviction prompted the Maryland Parole Commission to issue a warrant for parole violation. The parole revocation hearing was held on May 3, 1994, and the Commission revoked petitioner's mandatory supervision release. As part of that revocation decision, petitioner's good conduct credits were rescinded. As explained by the Court of Appeals:

> To calculate the effect of the [Maryland Parole Commission's] rescission of good-conduct credits and the award of street-time credits on the maximum expiration date of Fields's sentence, the Division subtracted the number of street-time credits from the number of diminution credits that Fields had earned during his initial confinement. See Division of Correction Commitment Procedure Manual, Ch. 90-134 (revised 9/15/95). This left a balance of 190 days, which was subtracted from the remainder of the original seven-year sentence. The Division then awarded Fields new good-conduct credits for the reimposed five-year portion of the sentence that had been suspended on April 19, 1988 and the concurrent theft and malicious destruction of property convictions. These good-conduct credits were calculated at a rate of five days per month. The award of these credits resulted in a mandatory release date of August 11, 1997.

*Fields*, 348 Md. At 251-52, 703 A. 2d at 170–71.

Petitioner filed a habeas corpus petition in November 1995 in the Circuit Court for Baltimore City, asserting he was entitled to good conduct credits at the rate of 10 days per month as inmates not serving sentences for violent offenses and certain drug crimes were entitled to receive. The state court agreed and ordered petitioner released on February 7, 1996. The decision was affirmed by the

Court of Appeals. *Fields*, 348 Md. at 265, 703 A. 2d at 180.

Petitioner was reincarcerated on April 9, 1999, serving two concurrent six-month sentences. Paper No. 12 at Ex. 1 and 2. Petitioner also received two concurrent one-year sentences on May 4, 1999. *Id* at Ex. 3. Petitioner was released from confinement on December 7, 1999, and his term of confinement expired on March 30, 2000. *Id.* at Ex. 1.

Under 28 U.S.C. § 2241, a petitioner seeking habeas corpus relief must be in custody when the petition is filed. Custody includes not only physical confinement but also restrictions that restrain a petitioner's liberty. Parole supervision is such a restriction. *See Jones v. Cunningham*, 371 U.S. 236, 242 (1963). Petitioner's term of confinement has expired. He is no longer subject to mandatory release supervision with respect to the sentences that are the subject of this petition. *See* Md. Corr. Serv., Code Ann. §§ 7-308(c) and 7-502(a). Petitioner is therefore no longer in custody for purposes of federal habeas relief.

Accordingly, the petition for writ of habeas corpus shall be dismissed.

Date: May 17, 2007                              __/s/_____
                                                Andre M. Davis
                                                United States District Judge